GUEAR et v. STECHSCHULTE, Admr.

Ohio Supreme Court.

No. 20884.   Decided May 31, 1928.

Error to Putnam Appeals.

Judgment modified and affirmed.

362a.   DECEDENTS' ESTATES—1104.   Statutes.

1. Personal property, of intestate decedent, held to descend to widow who was only heir at law.

2. Provisions of 8577 GC., govern disposition of only such property as has come to intestate from former deceased husband or wife.

MATTHIAS, J.

1. W. died intestate November 29, 1920, without issue and leaving his widow C. as his only heir at law. C. died intestate January 21, 1926, possessing personal property which came from her husband's estate. HELD: Such property descended to the widow under the provisions of Section 8574, General Code.

2. The provisions of Section 8577, General Code, govern and control the disposition of only such property as had come to an intestate from a former deceased husband or wife. Property thereafter acquired by purchase, though with the proceeds of property which had come from the former deceased husband or wife, is not within the terms of that section or distributable in accordance with its provisions.

(Marshall, C. J., Day, Allen, Kinkade, Robinson and Jones, JJ., concur.)

---

INDUSTRIAL COM. v. DAVIS.

Ohio Supreme Court.

No. 20797.   Decided May 31, 1928.

Error to Trumbull Appeals.

Judgment reversed and final judgment for plaintiff in reror.

396.   DIRECTED VERDICTS—631.   Industrial Commission.

In action, by dependent of employe, to recover upon death claim, where no evidence is offered by claimant tending to establish fact alleged in petition, error for trial court to overrule motion of commission for directed verdict in its favor.

KINKADE, J.

In an action by a dependent of an employe against the Industrial Commission to recover upon a claim, covering the death of the employe, which has been rejected by the commission on the ground that the death of the employe was not caused by an injury sustained in the course of his employment, and in which action no evidence is offered by the claimant, tending to establish the fact alleged in the petition, that the death of the employe was so caused, it is error for the trial court to overrule a motion of the commission for a directed verdict in its favor.

(Marshall, C. J., Robinson, Jones and Mathias, JJ., concur.)

---

UNION TRUST CO. v. HAWKINS, Admr.

Ohio Supreme Court.

No. 20680.   Decided May 31, 1928.

Error to Cuyahoga Appeals.

Judgment affirmed.

305.   CONVEYANCES—1271. Wills and Legacies — 362a. Decedents' Estates — 1197. Trusts and Trustees.

1. Instrument which does not divest owner of title to property, but provides for disposition at his death, is testamentary in character and, to be valid, must be executed as a will.

2. Trust agreement intended to operate as conveyance at and after death, must be consummated by delivery of property.

MARSHALL, C. J.

1. Where the owner of property executes to another an instrument under or in connection with which he does not divest himself of the title to any of his estate but provides for the disposition of such property at or after his death and it becomes operative to transfer the property only at the time and by reason of his death, such instrument is testamentary in character and to be valid must be executed as a will.

2. A trust agreement intended to operate as a conveyance of property at and after the death of the settlor must be consummated by such a distinct and absolute delivery of property by the settlor to the trustee for the benefit of the named beneficiaries as to be a relinquishment of dominion over it by the settlor.

(Allen, Robinson and Matthias, JJ., concur.)